United States District Court
for the Southern District of Florida

Case No. 1:19-mc-23253-XXXX

**In Re:**

**Application of Maigualida Naranjo Barrios for Foreign Discovery Assistance Pursuant to 28 U.S.C. § 1782,**

    **Applicant, Maigualida Naranjo Barrios.**

_____/

### *Ex Parte* Application for Discovery Assistance With Respect to Foreign Legal Proceeding by Maigualida Naranjo Barrios

Applicant Maigualida Naranjo Barrios ("Applicant") requests that the Court render discovery assistance with respect to a foreign legal proceeding, pursuant to 28 U.S.C. § 1782, for the reasons stated below. This application is supported by Applicant's separately filed Applicant's Memorandum in Support of Application for Discovery Assistance. This application is made on an *ex parte* basis to permit the issuance of subpoenas to Banesco USA ("Banesco"), SunTrust Bank, SunTrust Banks, Inc.,[1] Miura Investment Advisors, Inc. f/k/a Multiplicas Investment Advisors, Inc. ("Miura"), MWM Investments Ltd., Multiplicas Investments Ltd., Italo D'Alfonso, Mario V. D'Alfonso, Hugo Ortega, and Marlo G. Ovalles (collectively, the "Respondents") pursuant to Federal Rule of Civil Procedure 45, in connection with which the interests or rights of each Respondent may be protected. *See, e.g., Application of Consorcio Ecuatoriano de Telecomunicaciones, S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1267-1268 (11th Cir. 2014) (Approval of 28 U.S.C. § 1782 application issued on *ex parte* basis).

    1.    Applicant is a Venezuelan national involved in an ongoing legal proceeding in the Bolivarian Republic of Venezuela ("Venezuela") against a Venezuelan national named Manuel

---

[1] SunTrust Bank and SunTrust Banks, Inc. are collectively referred to as "SunTrust Bank."

Case No.: 1:19-mc-23253-XXXX

Salvador Torruella Seijas ("Torruella") (the "Foreign Proceeding"). The Foreign Proceeding was initiated in 2015 by Torruella through a divorce petition against Applicant, which has generated a divorce judgment, and an ongoing collateral appellate attack against the divorce judgment. Applicant maintains that Torruella breached his legal obligations to disclose fully all of his assets to her and to the Venezuelan courts.

2. Specifically, Applicant has discovered that Torruella had in 2013, and may still have, bank accounts at Banesco and SunTrust Bank, and a securities account with offshore companies that have links to Miura.

3. Applicant has become aware that Torruella had or has a securities account with at least two offshore companies based in Barbados, *i.e.*, Multiplicas Investments Ltd. and MWM Investments Ltd. Applicant is informed and believes both offshore companies have overlapping officers with Miura, which is a securities investment firm with its principal place of business in Miami-Dade County, Florida. The overlapping officers are Mario V. D'Alfonso, Italo D'Alfonso, Hugo Ortega, and Mario G. Ovalles. Applicant believes that these individuals and Miura may have documents or other information pertaining to Torruella and or his assets in the United States.

4. Applicant requests that the Court provide discovery assistance in obtaining from Respondents any documents or other information in their possession or control that may have regarding Torruella and or his assets. All of Respondents reside or are found in Miami-Dade County, Florida:

    a. Banesco maintains an office, and also its principal place of business, at 150 Alhambra Circle, Suite 1000 Coral Gables, Florida 33134;

Case No.: 1:19-mc-23253-XXXX

    b.    SunTrust Bank operates many branches and offices throughout Miami-Dade County, Florida;

    c.    Miura maintains an office, and also its principal place of business, at 1110 Brickell Avenue, Ste. 515, Miami, Florida 33131; and

    d.    Italo D'Alfonso, Mario V. D'Alfonso, Hugo Ortega, and Mario G. Ovalles have provided 1110 Brickell Avenue, Ste. 515, Miami, Florida 33131 as the address where they can be located based on the filings made on behalf of Miura with the Florida Secretary of State, Division of Corporations.

5.    The discovery assistance here requested is expressly authorized by 28 U.S.C. § 1782, which provides that:

> The district court of the district in which a person resides or is found *may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal* …. The order may be made … *upon the application of any interested person* and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or in part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the

Case No.: 1:19-mc-23253-XXXX

order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

6. Section 1782 assistance is appropriate here because: (i) Respondents reside or are found in this district; (ii) Applicant is an "interested person" (as an interested party to and in the Foreign Proceeding); and (iii) the Foreign Proceeding is pending and or anticipated before "a foreign or international tribunal." *See, Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 124 S. Ct. 2466 (2004).

7. Applicant requests that Respondents be directed to provide documents and to appear for depositions in accordance with the Federal Rules of Civil Procedure. The specific discovery that Applicant seeks from each Respondent is set forth in Exhibit "A," which is attached hereto to this application.

8. Applicant suggests that the Court's order granting the discovery here requested be effectuated through the service of subpoenas on each Respondent Applicant under Federal Rule of Civil Procedure 45.

9. In light of the foregoing, Applicant respectfully requests that this request for assistance be granted. A proposed order is attached hereto as Exhibit "B".

**Date: August 5, 2019**                                   Respectfully submitted,

By: /s/ *Gustavo J. Lamelas*
Gustavo J. Lamelas (Fla. Bar No. 995983)
Email: gus@lamelaslaw.com
Daniel Buigas (Fla. Bar. No. 98293)
Email: daniel@lamelaslaw.com
**Lamelas Law, PA**
2525 Ponce de Leon Blvd., Ste. 300
Coral Gables, Florida 33134
Telephone: (305) 395-4010
**Counsel for Applicant**

4